# BURSOR & FISHER
P.A.

1990 NORTH CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

YEREMEY KRIVOSHEY
Tel: **925.300.4455**
Fax: **925.407.2700**
ykrivoshey@bursor.com

February 9, 2015

<u>VIA ECF</u>

Honorable David N. Hurd
United States District Judge
Northern District of New York
Alexander Pirnie Federal Building
10 Broad St.
Utica, New York 13501

Re:   *John Horanzy v. Vemma Nutrition Company, et al.*
      Civil Action No. 7:14-cv-01296 (DNH/TWD)

Dear Judge Hurd:

I am writing on behalf of Plaintiff John Horanzy to object to the Court's consideration of Defendants' Reply "In Support of Their Motion to Transfer Venue."

On February 2, 2015, Defendants filed a "Reply Memorandum of Law In Support of Their Motion to Transfer Venue." Docket 26. Defendants filed their Reply In Support of Transfer without first seeking leave of court and in direct contravention of the Local Rules. The Local Rules of Practice ("Local Rules") of the United States District Court for the Northern District of New York set out the mandatory procedures for the filing of any motion in this District. Local Rule 7.1(b)(2) governs the filing of "Non-Dispositive Motions," which includes motions to transfer. In bold text in the center of the page, Local Rule 7.1(b)(2) states:

> **Reply papers and adjournments are not permitted without the Court's prior permission. Permission to file a reply does not exist simply because CM/ECF generates a deadline for a reply on a nondispositive motion.**

(emphasis in original). Local Rule 7.1(b)(3) states that "[t]he Court **shall not** consider any papers…not in compliance with this Rule unless good cause is shown." (emphasis added). Here, although Defendants' initial motion was styled as a "Motion to Dismiss or, in the Alternative, to Transfer Venue," Docket 17, Defendants' Reply indicates that Defendants "withdraw" their motion to dismiss and "[i]nstead, Vemma seeks transfer solely on § 1404(a) grounds." Defs' Reply at 1-2. Accordingly, the Reply is styled as exclusively "In Support Of Their Motion To Transfer Venue." However, because a motion to transfer based on 28 U.S.C. § 1404(a) is non-dispositive in nature, and Defendants have not sought leave of court or shown good cause to file their Reply, Local Rule 7.1(b)(2),(3) dictates that the Court "shall not" consider Defendants'

Reply.[1]  *Defenshield Inc. v. First Choice Armor & Equip., Inc.*, 2012 WL 1069088, at *10 n. 5 (N.D.N.Y. Mar. 29, 2012) ("A motion to transfer venue under 28 U.S.C. § 1404(a) is non-dispositive in nature.  The Local Rules of Practice for this Court permit the moving party to submit a reply on a nondispositive motion only upon leave of the Court.  N.D.N.Y. 7.1(b)(2).  The Court will not consider any reply submitted in violation of that rule without good cause shown.  N.D.N.Y. L.R. 7.1(b)(3).") (citation omitted).  Further, Local Rule 7.1(b)(i) states that Defendants' violation of the Rule is "subject to discipline as the Court deems appropriate, including sanctions and the imposition of costs and attorney's fees to the opposing party."

Local Rule 7.1(b)(3) also states:

> [A] movant who does not intend to pursue a motion, shall promptly notify the Court and the other parties of such intention.  They should provide such notice at the earliest practicable date, but in any event no less than **FOURTEEN DAYS** prior to the scheduled return date of the motion, except for good cause shown.  **Failure to comply with this Rule may result in the Court imposing sanctions, and may be deemed sufficient cause for the denial of a motion or the granting of a motion by default.**

(emphasis in original).  Here, Defendants filed a Motion to Dismiss or Alternatively to Transfer.  Docket 17.  The return date of the Motion to Dismiss is February 13, 2015.  The first time Defendants indicated to the Court or to Plaintiff that Defendants wished to "withdraw" their motion to dismiss was in the Reply.  Reply, at 1-2.  However, the Reply was filed on February 2, 2015, **eleven (11)** days prior to the scheduled return date of the motion, February 13, 2015.  Accordingly, Defendants' notice that they do "not intend to pursue" their Motion to Dismiss was three days after the fourteen (14) day cut-off set by Local Rule 7.1(b)(3).  Defendants' failure to comply with this part of Local Rule 7.1(b) can similarly subject them to sanctions and is, by itself, a "sufficient cause for the denial of" their Motion.  *Id.*

                Respectfully,

                Yeremey Krivoshey
                Admitted *Pro Hac Vice* for Plaintiff

cc:  All Counsel (via ECF)

---

[1] On February 6, 2015, Defendants also filed a "Declaration of Edward R. Conan" in support of their Reply.  Docket 27.  The Court should not consider this declaration for the same reasons it should not consider the Reply.